**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| _____ | : | Crim. Action No. 14-4079 (FLW) |
| RAMON RICKS, | : |  |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **MEMORANDUM OPINION** |
| v. | : |  |
|  | : |  |
| DETECTIVE JAMES UDIJOHN, ET AL., | : |  |
|  | : |  |
| Defendants. | : |  |
| _____ | : |  |

**Hon. Freda L. Wolfson, U.S.D.J.:**

Before the Court is the Report and Recommendation of Magistrate Judge Lois Goodman, dated July 7, 2016, recommending that this Court dismiss Plaintiff Ramon Ricks' ("Plaintiff") Complaint with prejudice for failure to comply with Court orders and failure to prosecute, pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b). For the reasons set forth below, and for the reasons included in the Report and Recommendation, Plaintiff's Complaint is dismissed with prejudice. Because the Court dismisses the Complaint with prejudice for failure to comply with Court orders and failure to prosecute, the unopposed motion for summary judgment of Defendants Detective James Udijohn, Detective James Nizolak, Detective Bill Perez, and Sheriff's Officer CJ McKenna ("Defendants"), is denied as moot.

BACKGROUND & PROCEDURAL HISTORY

Plaintiff initiated this action, *pro se*, on June 26, 2014, alleging that Defendants applied unconstitutional, excessive force while arresting Plaintiff. The matter came before the Magistrate Judge for an in-person Initial Conference on February 11, 2015. Plaintiff appeared at the conference, *pro se*, and the Court set a discovery schedule with Plaintiff's participation.

Subsequently, as set forth in detail in Magistrate Judge Goodman's Report and Recommendation, Plaintiff repeatedly failed to comply with the discovery schedule and subsequent discovery orders, including orders from the Court directing Plaintiff to provide adequate responses to Defendants' interrogatories; and failed to appear for Court-ordered telephonic and in-person conferences, including conferences scheduled on April 14, 2015, and June 24, 2015. After Plaintiff's repeated failures to appear, the Court issued an Order to Show Cause, returnable October 15, 2015, as to why Plaintiff's Complaint should not be dismissed for failure to appear and failure to comply with discovery schedules. Plaintiff failed to appear at the October 15 Order to Show Cause Hearing.

Plaintiff sent a letter on December 13, 2015, apologizing for failing to appear at the Hearing and providing a colorable explanation for his failure to the Court. The Court therefore scheduled an additional conference on March 8, 2016, at which Plaintiff appeared. At the March 8 conference, the Magistrate Judge set a new discovery schedule with Plaintiff's participation and warned Plaintiff that any future failure to appear for conferences or failure to comply with the discovery schedule would result in a recommendation of dismissal without further hearing. Plaintiff did not comply with the discovery schedule and failed to appear at the next conference scheduled on May 2, 2016.

On June 10, 2016, Defendants moved for summary judgment on the basis of qualified immunity and on the merits of Plaintiff's claims. Plaintiff's opposition was due on June 21, 2016. As of that date, Plaintiff did not file any opposition. Because Plaintiff had not filed a response to Defendants' pending motion for summary judgment or otherwise communicated with the Court about his case, the Court, out of an abundance of caution, on July 6, 2016, sent Plaintiff a letter informing him that the Court had not received an opposition from him and

warning him that if he did not respond to Defendants' pending motion by Monday, July 18, 2016, the Court would consider the motion unopposed and might enter judgment in Defendants' favor. Plaintiff did not respond to the Court's letter and never filed an opposition.

On July 7, 2016, Magistrate Judge Goodman issued her Report and Recommendation, recommending that Plaintiff's claims be dismissed with prejudice for failure to comply with the discovery schedule and failure to appear at Court-ordered conferences. Pursuant to L. R. Civ. P. 72.1(c)(2), Plaintiff had fourteen days from the date of the Report to file and serve objections to its proposed findings. Plaintiff did not file an objection. On July 21, 2016, Defendants, by letter brief, requested that Plaintiff's Complaint be dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(b), for the reasons set forth in the Report and Recommendation and due to Plaintiff's failure to oppose Defendants' motion or respond to the Court's letter. Months have now passed since Plaintiff was offered a final opportunity to oppose Defendants' motion, and the Court has not received any communications or filings from Plaintiff.

LEGAL STANDARD

A District Court has the authority to dismiss a suit for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b). *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *Lee v. Krieg*, 227 F. App'x 146, 148 (3d Cir. 2007). Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery, or other

failure to act is sufficient to constitute lack of prosecution. *Wortman v. Umrani*, No. CIV A. 05-1411 FLW, 2006 WL 2347853, at *3 (D.N.J. Aug. 11, 2006) (citing *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d. Cir. 1994)).

Ordinarily, to ensure "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013), the court must consider the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. These factors include: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Id.*

No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir.1992); *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir.1988). If a court finds dismissal appropriate under *Poulis,* it may dismiss an action *sua sponte,* pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254–55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

ANALYSIS

Applying the *Poulis* factors in this case, the Court finds:

1. Plaintiff's Personal Responsibility: Plaintiff brings this action *pro se*, and Plaintiff's conduct alone appears to be responsible for his failure to prosecute.

2. Prejudice to Defendant: Plaintiff's refusal to advance his case along with his failure to comply with the Court's Orders and to provide adequate discovery to Defendants has caused

manifest injustice to Defendants. Plaintiff's repeated failure to appear at Court scheduled conferences and failure to provide responses to Defendant's discovery requests has left Defendants unable to defend this case. Plaintiff's actions, or, more appropriately, lack thereof, support dismissal of this matter. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

     3. History of Dilatoriness: Plaintiff has a demonstrated history of dilatoriness in this case. As set forth in the Report and Recommendation, Plaintiff failed to timely respond to Defendant's discovery requests, was afforded additional time in which to do so, and again failed to respond. After Defendant failed to oppose Defendants' motion for summary judgment, the Court once more granted Defendant additional time in which to respond, only for no response to be forthcoming.

     4. Willfulness or Bad Faith: The Court cannot definitively say that Plaintiff proceeded in bad faith. The Court does, however, find that Plaintiff's conduct has been willful. Plaintiff repeatedly assured the Court that he would appear at conferences and comply with discovery deadlines, most recently at the March 8, 2016 conference, only to fail to do so, even after being afforded additional time.

     5. Effectiveness of Alternative Sanction: The record of Plaintiff s unresponsiveness suggests that alternative sanctions would be futile. Despite being given additional time to comply with discovery obligations and motion briefing schedules, Plaintiff failed to do so. In addition, Plaintiff failed to appear at Court scheduled conferences, even though the Court had informed Plaintiff during the last conference he attended that the Court might recommend dismissal if he did not appear. Moreover, the Court directly warned Plaintiff that it might dismiss his Complaint with prejudice unless some opposition to Defendants' motion or communication from Plaintiff

were received. On these facts, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.,* 09–2460(WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. Meritoriousness of the Claims: In light of the stage of proceedings and Plaintiff's failure to provide sufficient discovery, the Court is unable to determine the meritoriousness of Plaintiff's claims, but observes from the undisputed facts submitted by Defendants, which are deemed admitted, pursuant to Fed. R. Civ. P. 56(e) and L. R. Civ. P. 56.1(a), Defendants would have had a high likelihood of success on their affirmative defense of qualified immunity were Plaintiff to have prosecuted this action.

Accordingly, the *Poulis* factors weigh in favor of dismissal of Plaintiff's Complaint. Furthermore, where a party willfully abandons his case, or makes adjudication of a matter impossible through his or her conduct, *Poulis* balancing is unnecessary. *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (party abandons her case); *see also Seberell ex rel. Seberell v. Philadelphia Police Dept.*, 159 F. App'x. 371, 373–74 (3d Cir. 2005) (affirming dismissal without assessment of Poulis factors where Plaintiff refused to cooperate with Court's order requiring her to complete required forms to the Marshal's service despite clear instructions and warning that she would face dismissal for failure to comply with Court's order); *Jackson v. U.S. Bankr.Ct.*, 350 F. App'x 621, 624 (3d Cir. 2009) (per curiam) (Plaintiff's disappearance and failure to oppose motions and communicate with the Court for more than a year rendered assessment of *Poulis* factors unnecessary).

In *Jackson*, the Third Circuit found that strict adherence to *Poulis* was not required where Jackson had "effectively abandoned the action" by "(1) his failure to respond to three pending motions to dismiss, despite the District Court's *sua sponte* grant of three extensions of time in

6

which to do so; (2) his failure to attend a scheduled status conference, without contacting the District Court or the defendants to seek a continuance or to excuse his absence; (3) his failure to initiate any contact whatsoever with the District Court for over a year, despite substantial docket activity in his case; and (4) his failure to file a motion to reopen the proceedings within the thirty days directed in the District Court's dismissal order." *Id.* The Court explained that "Jackson's disappearance effectively made it impossible for the District Court to proceed with his case" and that "dismissal was appropriate without strict adherence to *Poulis*." *Id.* Here, the Court has provided Plaintiff with ample time and opportunity to file a response to the Defendants' motion for summary judgment, but has received no response whatsoever from Plaintiff. There is also no indication that the Court's July 6, 2016 Letter Order did not reach Plaintiff, as it has not been returned as undeliverable. Plaintiff's failure to participate in discovery, failure to attend Court conferences and hearings, and failure to oppose Defendants' summary judgment motion constitute willful abandonment of Plaintiff's claims.

CONCLUSION

      The Court adopts the July 7, 2016 Report and Recommendation, as supplemented by the reasons set forth in this Opinion, and dismisses the Complaint with prejudice for failure to comply with the Court's discovery orders, pursuant to Fed. R. Civ. P. 37(b)(2); and for lack of prosecution, pursuant to Rule 41(b). Because the Court has dismissed the Complaint with prejudice under the forgoing provisions, it need not reach the merits of Defendants' unopposed motion for summary judgment, which is denied as moot. The Clerk of the Court is directed to close the case accordingly.

Dated:     1/4/2017                                          /s/ Freda L. Wolfson
                                                                     The Honorable Freda L. Wolfson
                                                                       United States District Judge